Baldwin, J.
delivered the opinion of the Court.
The Court is of opinion, that an office copy of a deed admitted to recordation by the proper authority, upon due acknowledgment or proof of its execution, is admissible evidence; because, in the first place, the reception of such acknowledgment or proof, and the admission of the instrument to recordation, are public acts performed by mandate of the law, and therefore, entitled to confidence; and because, secondly, the certificate of the public officer having custody of the record, of the acts which it indicates, by furnishing an attested copy thereof, is to be taken as authentic, on account of the inconvenience which would be occasioned by the necessity of producing the original. But that where the law gives no authority for the reception of such acknowledgment or proof and admission to recordation, the record of those acts, and the certificate of the public custodiar of the record are entitled to no more respect than if the same had been performed by a private individual. The Court is further of opinion, that the Hustings Court of Norfolk had no authority to receive proof of the execution of the deeds from Benjamin Pollard, in the second bill of exceptions mentioned, for the purpose of recordation thereof in the office of that Court; and that the recordation thereof there was of no validity. Wherefore, the Court is of opinion, that the Circuit Court erred in admitting as evidence to the jury the office copies of said deeds mentioned in the second bill of exceptions.
And the Court is further of opinion, that there is no error in the1 rejection by the Circuit Court of Omohun *219 dro’s deposition, in the first bill of exceptions mentioned, inasmuch as there was no sufficient evidence of the inability of said witness to attend at the trial. But the Court is further of opinion, that the Circuit Court erred in rejecting the deposition of Pettit, in the first bill of exceptions mentioned, there being sufficient evidence of the inability of that witness to attend at the trial, and it sufficiently appearing that his deposition was taken by a justice of the peace, who acted under a regular commission and notice, as must be presumed in the absence of any objection on that score.
It is therefore considered by the Court that, for the errors aforesaid, the judgment of the said Circuit Court be reversed and annulled, and the verdict of the jury set aside ; and that the plaintiffs in error recover against the defendant in error their costs by them expended in the prosecution of their supersedeas aforesaid here: and the cause is remanded to the said Circuit Court for a new trial to be there had of the mise between the parties.